We granted Blockbuster, Inc., permission to appeal from an interlocutory order pursuant to Rule 5, Ala.R.App.P. The appeal is from the trial court's order denying Blockbuster's motion to dismiss a complaint filed by Thomas B. White. White sought damages from Blockbuster for breach of contract, unjust enrichment, fraud, negligence, and conversion. White also sought to have this action certified as *Page 44 
a class action pursuant to Rule 23, Ala.R.Civ.P.
Blockbuster is engaged in the business of renting movie videos and video games to customers. White alleged that he had been a Blockbuster customer for six years and that Blockbuster included in its rental charges to its customers a rental tax imposed upon Blockbuster by Ala. Code 1975, § 40-12-222. White contends that Blockbuster breached its contract with White by adding that rental tax to the amount he had agreed to pay for rental of videotapes and video games under his contract with Blockbuster; that Blockbuster has been unjustly enriched by passing the rental tax on to White; that Blockbuster had fraudulently passed the rental tax on to White; that Blockbuster had negligently passed the rental tax on to White; and that Blockbuster had converted the money that it charged White as rental tax.
Alabama Code 1975, § 40-12-222 provides, in pertinent part:
 "In addition to all other taxes now imposed by law, there is hereby levied and shall be collected as herein provided a privilege or license tax on each person engaging or continuing within this state in the business of leasing or renting tangible personal property at the rate of four percent of the gross proceeds derived by the lessor from the lease or rental of tangible personal property. . . ."[1]
This appeal involves the following questions of law:
 "A. Does § 40-12-222 et seq., the `Rental Tax Statute,' permit a private cause of action where there is no express language in the statute or legislative intent to indicate that such a right exists?
 "B. Is Blockbuster's collection of the Rental Tax from its customers authorized by Alabama law?"
(Petition for permission to appeal at p. 6.)
"One claiming a private right of action within a statutory scheme must show clear evidence of a legislative intent to impose civil liability for a violation of the statute." American Auto. Ins. Co. v. McDonald812 So.2d 309, 311 (Ala. 2001). C. B. v. Bobo, 659 So.2d 98 (Ala. 1995).
Blockbuster argues that no private cause of action is created by §40-12-222 et seq., Ala. Code 1975.
White does not attempt to show clear evidence of a legislative intent to create a private right of action; in his brief to the Court, he admits that there was no such legislative intent:
 "White agrees that there was no intent by the legislature to create a private cause of action when the Rental Tax Code was adopted."
(White's brief at p. 4.)
We agree that there is no private cause of action under § 40-12-222
et seq., the "Rental Tax Statute," and that no private cause of action existed under that statute on March 27, 2000, when this action was filed.
White contends that he is not attempting to assert a private right of action under the Rental Tax Statute, but argues that he is merely seeking to recoup under common-law causes of action that which was taken from him by Blockbuster. *Page 45 
Each of White's common-law causes of action is predicated upon Blockbuster's alleged violation of § 40-12-222.
We granted Blockbuster's permissive appeal to address whether §40-12-222 permits a private cause of action. We conclude that it does not.[2]
We also granted Blockbuster's permissive appeal to address whether Blockbuster's collection of the rental tax from its customers was authorized by Alabama law. White contends that it was not, and that is the gravamen of his claims against Blockbuster.
Alabama's sales tax is a direct tax on the purchaser, and it is unlawful for one who sells goods not to add the tax to the sales price and collect it from the purchaser, and it is unlawful for the seller to refund to the purchaser all or any part of this sales tax. Ala. Code 1975, § 40-23-26. Clearly, Alabama's rental tax is not a direct tax on the person who rents tangible personal property from another ("the lessee"), and it is not unlawful for the person who rents tangible personal property to the lessee ("the lessor") to absorb the tax into the total rental price of the tangible personal property. Ala. Code 1975, § 40-12-222. In his brief, White cites Beavers v. County of Walker,645 So.2d 1365, 1367-77 (Ala. 1994), for the proposition that the intent of the Legislature should be gathered from the language of the statute itself, and if the language is plain, the court must give effect to the clear meaning of the language. Even though § 40-12-222 does not expressly prohibit passing the rental tax on to the lessee, it does not expressly permit it. There is no plain language in the statute that addresses this issue.
Before the trial court's denial of the motion to dismiss, there had been instructive, but nonbinding, revenue rulings issued by the Alabama Department of Revenue; those rulings indicate that the rental tax could be billed to or passed on to the lessee as a tax or as an additional cost of the lease. Ala. Admin. Code (Dep't of Rev.), chapter 810-6-5-.09
("Leasing and Rental of Tangible Personal Property"). After the trial court denied Blockbuster's motion to dismiss, the Alabama Legislature amended the Rental Tax Statute to clarify the Legislature's intent regarding the rental-tax provisions. The title to Act No. 2001-636, which became law on May 21, 2001, provides, in pertinent part:
 "To amend Sections 40-12-220 and 40-12-222, Code of Alabama 1975, relating to a privilege or license tax on each person engaged in the business of leasing or renting tangible personal property in this state; to clarify that such state or local privilege or license tax may be passed on to the lessee by adding such tax to the leasing price *Page 46 
 or otherwise; . . . to make the provisions of the act retroactive to January 1, 1988."
(Emphasis added.)
Section 1 of Act No. 2001-636 provides:
 "The provisions of this act shall have retroactive effect to January 1, 1988."
The Rental Tax Statute thus covers the 1994-2000 period during which White claims that Blockbuster overcharged him by passing this tax on to him as a lessee.
Act No. 2001-636, in pertinent part, provides:
 "Section 2. . . . It is also the intent of the Legislature to permit lessors of tangible personal property to pass on to lessees such license or privileges taxes by adding such taxes to the leasing price or otherwise. . . . The purpose of this amendatory act is to clarify and insure the implementation of the actual purpose and original intent of the Legislature when it enacted this article.
 "Section 3. Sections 40-12-220 and 40-12-222, Code of Alabama 1975, are amended to read as follows:
"`. . . .
"`§ 40-12-222.
"`. . . .
 "`(b) Notwithstanding the above, nothing shall prohibit a lessor subject to a state or local privilege or license tax from passing such amounts on to a lessee by adding such taxes to the leasing price or otherwise. . . .'"
(Emphasis added.)
In Ex parte Disco Aluminum Products Co., 455 So.2d 849, 853 (Ala. 1984), this Court, construing an act that became effective during the pendency of the appeal and that amended several definitions in the sales tax provisions of the Alabama Code relating to the issue on appeal, noted: "The Act [Act No. 83-720, 1983 Ala. Acts] also states that it `does not constitute a change in, but is declaratory of, the pre-existing law.'" Courts must consider subsequent acts passed by the Legislature to clarify previously ambiguous provisions. McWhorter v. State Bd. ofRegistration for Prof. Eng'rs Land Surveyors ex rel. Baxley,359 So.2d 769 (Ala. 1978).[3]
Blockbuster was authorized by Alabama law to pass along the rental tax to its customers. Therefore, the trial court's order denying Blockbuster's motion is reversed and the case is remanded for an order or further proceedings consistent with this opinion.
REVERSED AND REMANDED.
Moore, C.J., and Lyons, Johnstone, and Woodall, JJ., concur.
[1] Effective May 21, 2001, § 40-12-222 was amended to specifically provide that "nothing shall prohibit a lessor subject to a state or local privilege or license tax from passing such amounts on to a lessee by adding such taxes to the leasing price or otherwise. . . ." Act No.2001-636, 2001 Ala. Acts.
[2] The question whether White has common-law causes of action against Blockbuster that are not private rights of action under the Rental Tax Statute is not before us.
[3] White argues that it would violate Section 22 of the Constitution of Alabama of 1901 for Act No. 2001-636 to impair the obligation of his contract with Blockbuster. That issue, however, is not before us.