[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 9, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-16583

_____

U.S. Tax Ct. Nos.
10699-04 & 10700-04

MEDICAL TRANSPORTATION MANAGEMENT CORPORATION,
ZUNI TRANSPORTATION, INC.,

Petitioners,

versus

COMMISSIONER OF INTERNAL REVENUE SERVICE,

Respondent.

_____

Petition for Review of a Decision of the
United States Tax Court

_____

**(November 9, 2007)**

Before ANDERSON and PRYOR, Circuit Judges, and VINING,[*] District Judge.

PRYOR, Circuit Judge:

_____

*Honorable Robert L. Vining, Jr., United States District Judge for the Northern District
of Georgia, sitting by designation.

This appeal presents a question that only a court of law and linguists would entertain: whether an "automobile bus" is a "bus." Medical Transportation Management Corporation and Zuni Transportation appeal the decision of the Tax Court that denied them income tax credits for gasoline excise taxes they had paid. See 26 U.S.C. § 6421(b). The taxpayers argue that they purchased gasoline for vehicles that are classified as "automobile buses," which is a requirement for the income tax credits, but the taxpayers concede that they did not use "buses." Because we conclude that an "automobile bus" is a "bus," the taxpayers are not entitled to the income tax credits. We affirm.

## I. FACTS AND PROCEDURAL HISTORY

The taxpayers provide paratransit services to the Metro-Dade Transit Authority. The Americans with Disabilities Act of 1990 requires local governments that operate fixed-route transportation systems available to the general public to provide paratransit services to the physically and mentally disabled. To satisfy its obligations under the ADA, the Metro-Dade Transit Authority entered into a contract with Comsis Mobility Services, Inc., a private company that acted as a transportation broker and scheduler. Comsis, in turn, contracted with the taxpayers and others to provide the paratransit services. Eligible passengers could either make a reservation for a one-time ride between two points or establish a subscription for recurring trips. The taxpayers used

2

sedans and vans that have a seating capacity of fewer than 20 adults to provide the paratransit services, and the taxpayers stipulate that they did not use "buses."

On their income tax returns for 1998 and 1999, the taxpayers claimed credits for excise taxes that they had paid for purchases of gasoline. Medical Transportation claimed $58,673 and $62,000, respectively, for the two years, and Zuni Transportation claimed $32,758 and $21,582, respectively. The Commissioner of Internal Revenue denied the credits and mailed each taxpayer a notice of deficiency.

The taxpayers petitioned the Tax Court for a redetermination of the deficiencies. The taxpayers sought the credits under sections 34 and 6421 of the Internal Revenue Code. 26 U.S.C. §§ 34, 6421. Section 6421(b) provides that "if gasoline is used in an automobile bus" the Secretary of the Treasury shall credit the amount of tax imposed on the gasoline against a private taxpayer's tax liability. If an "automobile bus" has a seating capacity of fewer than 20 adults, not including the driver, then the credit is unavailable unless the "automobile bus" furnishes transportation that is scheduled and along regular routes. 26 U.S.C. § 6421(b)(2).

The taxpayers' cases were consolidated and went to trial. The Tax Court upheld the determinations of the Commissioner. Med. Transp. Mgmt. Corp. v. Comm'r, 127 T.C. 96, 108 (2006). The Tax Court determined that the taxpayers failed to establish that they paid taxes on gasoline for "automobile buses." Id. at

105.  The Tax Court concluded alternatively that the taxpayers did not furnish transportation that was scheduled and along regular routes. Id. at 105–07.

## II. DISCUSSION

Section 34 of the Internal Revenue Code provides a credit for certain gasoline purchases:

> There shall be allowed as a credit against the tax imposed by this subtitle for the taxable year an amount equal to the sum of the amounts payable to the taxpayer . . . under section 6421 with respect to gasoline used during the taxable year . . . in vehicles while engaged in furnishing certain public passenger land transportation service . . . .

26 U.S.C. § 34.  Section 6421(b) defines the circumstance in which taxpayers can receive the credit under Section 34:

> **(1) Allowance**—Except as provided in paragraph (2) and subsection (i), if gasoline is used in an automobile bus while engaged in—
>
>> **(A)** furnishing (for compensation) passenger land transportation available to the general public, or
>>
>> **(B)** the transportation of students and employees of schools (as defined in the last sentence of section 4221(d)(7)(C)),
>
> the Secretary shall pay (without interest) to the ultimate purchaser of such gasoline an amount equal to the product of the number of gallons of gasoline so used multiplied by the rate at which tax was imposed on such gasoline by section 4081.
>
> **(2) Limitation in case of nonscheduled intercity or local buses.**—Paragraph (1)(A) shall not apply in respect of gasoline used in any automobile bus while engaged in furnishing transportation which is not scheduled and not along regular routes unless the seating capacity of such bus is at least 20 adults (not including the driver).

4

26 U.S.C. § 6421(b) (emphasis added).

The taxpayers contend that the term "automobile bus" is ambiguous and argue that their vans and sedans are "automobile buses." Whether an "automobile bus" is a "bus" is an interpretation of a statutory provision that we review de novo. Estate of Shelfer v. Comm'r, 86 F.3d 1045, 1046 (11th Cir. 1996). We disagree with the taxpayers' interpretation of section 6421.

"The starting point for all statutory interpretation is the language of the statute itself," United States v. DBB, Inc., 180 F.3d 1277, 1281 (11th Cir. 1999), and our task "is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case," Robinson v. Shell Oil Co., 519 U.S. 337, 340, 117 S. Ct. 843, 846 (1997). "Our inquiry must cease if the statutory language is unambiguous and 'the statutory scheme is coherent and consistent.'" Id. at 340, 117 S. Ct. at 846 (quoting United States v. Ron Pair Enters., Inc., 489 U.S. 235, 240, 109 S. Ct. 1026, 1030 (1989)). "The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." Id. at 341, 117 S. Ct. at 846. Statutory language is ambiguous if it is susceptible to more than one reasonable interpretation. See Atl. States Legal Found., Inc. v. Tyson Foods, Inc., 897 F.2d 1128, 1138 (11th Cir. 1990) (statutory language unambiguous because "capable of only a single

5

reasonable interpretation").

The term "automobile bus," as used in the Internal Revenue Code, has a single reasonable interpretation. A reasonable reader would understand "automobile" as an adjective that modifies the noun "bus." The Oxford English Dictionary defines the adjective "automobile" as "moves by means of mechanism and power within itself . . . ." 1 The Oxford English Dictionary 806 (2d ed. 1989). The dictionary defines the noun "bus" as "[a] familiar shortening of omnibus," 2 The Oxford English Dictionary 688 (2d ed. 1989), and it defines the noun "omnibus" as "[a] large public vehicle carrying passengers by road, running on a fixed route and typically requiring the payment of a fare . . . ," 10 The Oxford English Dictionary 788 (2d ed. 1989). The reasonable interpretation of "automobile bus" is that it is a motor bus or what one would understand today simply as a "bus"—"a large motor vehicle designed to carry passengers." Merriam-Webster Collegiate Dictionary 154 (10th ed. 1996).

The taxpayers contend that this interpretation is unreasonable because it renders the word "automobile" superfluous. We disagree. The adjective "automobile" distinguishes a motor-driven bus from other buses. Cf. 2 The Oxford English Dictionary 688 (2d ed. 1989) (mentioning in definition of "omnibus" horse-drawn buses).

When Congress amended section 6421(b) in 1978, Congress had long used

6

the adjective "automobile" in tax statutes in reference to motor-driven vehicles. See, e.g., Revenue Act of 1917, Pub. L. No. 65-50, § 600(a), 40 Stat. 300, 316 (imposing taxes on "automobile trucks" and "automobile wagons"); 26 U.S.C. § 4061(a) (1982) (repealed 1982) (imposing taxes on "automobile bus" chassis and bodies); cf. Ace-Chicago Great Dane Corp. v. United States, 726 F.2d 321, 324 n.3, 326 (7th Cir. 1984) (discussing "trucks" when the provision of the Internal Revenue Code applied to "automobile trucks"). Congress adhered to that tradition in its use of the term "automobile bus" in section 6421(b). "[A] word . . . obviously transplanted from another legal source, whether the common law or other legislation, . . . brings the old soil with it." Evans v. United States, 504 U.S. 255, 260 n.3, 112 S. Ct. 1881, 1885 n.3 (1992) (quoting Felix Frankfurter, Some Reflections on the Reading of Statutes, 47 Colum. L. Rev. 527, 537 (1947)) (internal quotation mark omitted). "[W]here Congress borrows terms of art in which are accumulated the legal tradition and meaning of centuries of practice, it presumably knows and adopts the cluster of ideas that were attached to each borrowed word in the body of learning from which it was taken and the meaning its use will convey to the judicial mind unless otherwise instructed." Morissette v. United States, 342 U.S. 246, 263, 72 S. Ct. 240, 250 (1952). "[A]bsence of contrary direction may be taken as satisfaction with widely accepted definitions, not as a departure from them." Id. at 263, 72 S. Ct. at 250.

The taxpayers suggest two alternate interpretations, neither of which is reasonable. They first argue that "automobile bus" means "a '4 wheeled vehicle' used or which functions like a bus." This interpretation strains ordinary rules of grammar. The taxpayers cannot establish that their vehicles are "automobile buses" under section 6421(b) by establishing that their wheels, in the words of a common song for children, "go round and round, round and round." Section 6421(b) describes how a qualified vehicle will function, and the term "automobile bus" is reasonably understood as describing the physical characteristics of a qualified vehicle.

The taxpayers alternatively suggest an interpretation that outlines the physical characteristics of a qualified vehicle. The taxpayers "would define th[e] term ['automobile bus'] to mean a vehicle which is marked and restricted for use in providing public mass transportation," which includes "all marked and restricted for public mass transit use sedans." Nothing about the term "automobile bus" or section 6421(b) reasonably suggests that certain vehicle markings are relevant or necessary. This interpretation suggested by the taxpayers may be convenient to their circumstances, but it can not reasonably be derived from the language of the statute.

The taxpayers' argument does not require that we determine when a vehicle can be classified as a bus. The taxpayers concede that their vehicles are not buses.

8

We leave for another day the question whether a van or other vehicle can be classified as a bus.

Our interpretation of the term "automobile bus" resolves this appeal. We need not consider the arguments of the taxpayer that their transportation services satisfied the other requirements of sections 34 and 6421. We do not reach the alternative rulings of the Tax Court.

### III. CONCLUSION

Because we conclude that "automobile bus" means "bus" for purposes of section 6421(b) of the Internal Revenue Code, the judgment of the Tax Court is

**AFFIRMED.**