JOINER, Judge,
dissenting.
Although I agree with the main opinion to the extent that it addresses the merits of this case, see Ankrom v. State, [Ms. CR-09-1148, Aug. 26, 2011] — So.3d(Ala.Crim.App.2011), I respectfully dissent from the main opinion’s conclusion that the term “federal court” as it is used in § 13A-11-200, Ala.Code 1975, plainly includes a military court.
Billingsley argues that the circuit court did not have “jurisdiction to convict [him] of failure to register as a sex offender under [§ ] 13A-ll-200[, Ala.Code 1975,] when the offense [that] made the basis of the failure to register conviction is a conviction in a ... military court.” (Billings-ley’s brief, p. 6.) The State, on the other hand, contends that military courts are encompassed within the term “federal court” as that term is used in § 13A-11-200, Ala.Code 1975. Thus, the main opinion correctly frames the issue as follows:
“[T]he issue before this Court is whether § 13A-11-200, Ala.Code 1975, requires a person convicted of a qualifying offense in a United States military court to register with the sheriff of the county where he or she maintains his or her legal residence.”
115 So.3d at 196. This is an issue of first impression.
As a threshold matter, I note that with regard to the construction of criminal statutes we have held:
“ ‘ “The touchstone of legislative construction is to ascertain and effec *200 tuate the intent of the legislature as expressed in the statute.” Horn v. Citizens Hosp., 425 So.2d 1065, 1070 (Ala.1982) (emphasis added). This Court gives effect to the intent of the legislature as expressed in the plain, unambiguous language of the statute. Jefferson County Comm’n v. Edwards, 32 So.3d 572, 586 (Ala.2009).’
“Ex parte Catlin, 72 So.3d 606, 607-08 (Ala.2011) (Cobb, C.J., concurring specially).
“ ‘It is a well established principle of statutory interpretation that “[w]here the meaning of the plain language of the statute is clear, it must be construed according to its plain language.” Ex parte United Serv. Stations, Inc., 628 So.2d 501, 504 (Ala.1993). “Principles of statutory construction instruct this Court to interpret the plain language of a statute to mean exactly what it says and to engage in judicial construction only if the language in the statute is ambiguous.” Ex parte Pratt, 815 So.2d 532, 535 (Ala.2001).
“ ““ “[C]riminal statutes must be strictly construed, to avoid ensnaring behavior that is not clearly proscribed.” ’ United States v. Bridges, 493 F.2d 918, 922 (5th Cir.1974).
“ ‘ “ ‘In United States v. Boston & M. RR Co., 380 U.S. 157, 85 S.Ct. 868, 870, 13 L.Ed.2d 728 (1965), the Supreme Court stated:
“ ““ “A criminal statute is to be construed strictly, not loosely. Such are the teachings of our cases from United States v. Wiltberger [18 U.S. 76], 5 Wheat. 76, 5 L.Ed. 37 [(1820)], down to this day. Chief Justice Marshall said in that case:
“ ““ “ ‘The rule that penal laws are to be construed strictly, is, perhaps, not much less old than construction itself. It is founded on the tenderness of the law for the rights of individuals; and on the plain principle that the power of punishment is vested in the legislative, not in the judicial department.’ Id., p. 95.
“ ““ “The fact that a particular activity may be within the same general classification and policy of those covered does not necessarily bring it within the ambit of the criminal prohibition. United States v. Weitzel, 246 U.S. 533, 38 S.Ct. 381, 62 L.Ed. 872 [(1918)].”
“ ‘ “ ‘Moreover, “one ‘is not to be subjected to a penalty unless the words of the statute plainly impose it[.]’ Keppel v. Tiffin Savings Bank, 197 U.S. 356, 362, 25 S.Ct. 443, 49 L.Ed. 790 [(1905)]. ‘[Wjhen choice has to be made between two readings of what conduct Congress has made a crime, it is appropriate, before we choose the harsher alternative, to require that Congress should have spoken in language that is clear and definite.’ United States v. Universal C.I.T. Credit Corp., 344 U.S. 218, 221-222, 73 S.Ct. 227, 229-230, 97 L.Ed. 260 [(1952)].” United States v. Campos-Serrano, 404 U.S. 293, 297, 92 S.Ct. 471, 474, 30 L.Ed.2d 457 (1971).’
“ ‘ “Bridges, 493 F.2d at 923.” ’
“Crawford v. State, 100 So.3d 610, 614-15 (Ala.Crim.App.2011).”
J.D.I. v. State, 77 So.3d 610, 616 (Ala.Crim.App.2011). Thus, in other words, it is important that this Court not construe criminal statutes too broadly; instead, we must construe criminal statutes narrowly to avoid criminalizing actions the legisla *201 ture did not specifically intend to criminalize.
According to our standard of review, we must first determine whether the language of § 13A-11-200, Ala.Code 1975, is plain or ambiguous.
To determine whether a statute is plain, “ ‘this Court looks to the plain meaning of the words as written by the legislature. As we have said:
“ ‘ “ Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect.’ ” ’ ”
Munnerlyn v. Alabama Dep’t of Corr., 946 So.2d 436, 438 (Ala.2006) (quoting DeKalb County LP Gas Co. v. Suburban Gas, Inc., 729 So.2d 270, 275-77 (Ala.1998) (internal citations omitted)). “‘Therefore, only if there is no rational way to interpret the words as stated will we look beyond those words to determine legislative intent.’ ” Id. We must be careful, however, to avoid finding, as the main opinion does, that a criminal statute is plain merely because the words used in the statute can be easily defined. See, e.g., United States v. Monia, 317 U.S. 424, 431, 63 S.Ct. 409, 87 L.Ed. 376 (1943) (“The notion that because the words of a statute are plain, its meaning is also plain, is merely a pernicious oversimplification.” (Frankfurter, J., dissenting)).
Regarding statutory ambiguity, on the other hand, it is well settled that “[statutory language is ambiguous if it is susceptible to more than one reasonable interpretation. See Atlantic States Legal Found., Inc. v. Tyson Foods, Inc., 897 F.2d 1128, 1138 (11th Cir.1990) (statutory language unambiguous because ‘capable of only a single reasonable interpretation’).” Medical Transp. Mgmt. Corp. v. Comm’r of I.R.S., 506 F.3d 1364, 1368 (11th Cir.2007). Thus, if there exists more than one rational way to interpret the meaning of a statute, the statute is ambiguous.
Additionally, if a criminal statute is ambiguous the rule of lenity applies, which “ ‘requires that “ambiguous criminal statute[s] .... be construed in favor of the accused.” ’ ” See Ex parte Bertram, 884 So.2d 889, 892 (Ala.2003) (quoting Castillo v. United States, 530 U.S. 120, 120 S.Ct. 2090, 147 L.Ed.2d 94 (2000)).
Here, the main opinion defines the term “federal court” using Merriam-Webster’s Collegiate Dictionary, which defines “federal court” as “a court established by a federal government; esp: one established under the constitution and laws of the U.S.” Merriam-Webster’s Collegiate Dictionary 459 (11th ed.2003). Based on that definition, the main opinion concludes that “the plain, ordinary, and commonly understood meaning of the term ‘federal court’ includes a military court” because “military courts are federally created courts established under the United States Constitution.” 115 So.3d at 198. The main opinion’s interpretation of the term “federal court” as it is used in § 13A-11-200, Ala.Code 1975, is broad and would require registration of an individual convicted of any qualifying offense in every court as long as that court was, in some way, created by a federal government — regardless of where that federal government is located.
To support this broad interpretation, the main opinion looks to the Habitual Felony Offender Act and cites Esters v. State, 480 So.2d 615 (Ala.Crim.App.1985), in which, as the main opinion states, “ ‘we held that a prior court-martial conviction could be *202 used to enhance a sentence pursuant to the provisions of the Alabama Habitual Felony Offender Act, see § 13A-5-9, Ala. Code 1975, so long as that conviction otherwise qualified as a felony pursuant to Rule 6(b)(8)(iv), Ala. R.Crim. P. (Temp.) (now Rule 26.6(b)(S)(iv), Ala. R.Crim. P.).’ ” 115 So.3d at 198. Reliance on Esters and the Habitual Felony Offender Act, however, is not appropriate when trying to determine whether a military court is subsumed into the term “federal court” in § 13A-11-200, because § 13A-5-9, Ala. Code 1975, and § 13A-11-200 are two distinct statutes with two distinct structures.
Specifically, as the main opinion points out, § 13A-11-200 consists of three portions, including a jurisdictional portion that refers only to those jurisdictions in which a qualifying conviction has occurred. In other words, § 13A-11-200 specifically requires that, before the duty to register arises, an individual must have been convicted of a qualifying offense in a specific jurisdiction — that is, “in any state or municipal court in Alabama, or federal court, or so convicted in another state in any court having jurisdiction similar to the jurisdiction of state and municipal courts in Alabama.” If an individual had previously been convicted of a qualifying offense outside these jurisdictional limits no duty to register arises.
Section 13A-5-9, on the other hand, has no language requiring an individual’s previous felony conviction to have been in a specific jurisdiction before the individual could be sentenced as a habitual felony offender. This Court has held that “[§ ] 13A-5-9, |Ala.Code 1975,] specifically says, ‘[P]reviously convicted of any felony.’ (Emphasis added.) Clearly, this language means that all felonies come within the purview of the habitual felony offender statute, regardless of their origin.” Watson v. State, 392 So.2d 1274, 1279 (Ala. Crim.App.1980). Thus, in the habitual-felony-offender context it does not matter whether the prior felony conviction occurred in a military court because that statute, as written, contemplates all felony convictions.
Thus, § 13A-11-200 is more narrowly tailored than § 13A-5-9, and to interpret § 13A-11-200 in the same manner as § 13A-5-9 to include military-court convictions construes § 13A-11-200 too broadly and gives § 13A-11-200 the same jurisdictional limitation as § 13A-5-9 — that is, none. Thus, the main opinion’s construction of § 13A-11-200 ignores the requirement that we not construe criminal statutes too broadly and that, instead, we must construe criminal statutes narrowly to avoid criminalizing actions the legislature did not specifically intend to criminalize. See J.D.I., supra.
Furthermore, the main opinion’s construction of § 13A-11-200 overlooks the context of the term “federal court” as it is used in that statute. Specifically, the term “federal court” is contained in the jurisdictional portion of the statute, and it is used in the context of federal court jurisdiction. The main opinion’s construction of the term “federal court” — “a court established by a federal government” — improperly focuses on the governing body that created the court, not the jurisdiction the court has. With regard to the jurisdictional context of the term “federal court,” however, it is unclear whether the legislature intended the term “federal court” to mean all federal courts or to mean only specific federal courts with specific federal jurisdiction — for example, a federal district court created under Article III of the United States Constitution. Because the term “federal court” is unclear, the statute is not plain; rather, it is ambiguous, and we must determine what the legislature *203 intended when it used the term “federal court.”
Because the language of § 13A-11-200 is ambiguous this Court can “ ‘examine extrinsic materials, including legislative history, to determine [legislative] intent.’ ” Pinigis v. Regions Bank, 977 So.2d 446, 451 (Ala.2007) (quoting Federal Reserve Bank of Atlanta v. Thomas, 220 F.3d 1235, 1239 (11th Cir.2000)). The legislative history of this statute establishes that a military court is not subsumed in the term “federal court” in § 13A-11-200.
In Radney v. State, 840 So.2d 190, 196 (Ala.Crim.App.2002), Radney argued that “[bjecause he was convicted in federal court, not a state or municipal court ... he was not required to register as a sex offender under § 13A-ll-200[, AIa.Code 1975],” 840 So.2d at 195 (emphasis added), which, at that time, provided, in part:
“ ‘If any person ... residing in Alabama, has heretofore been convicted, or shall be convicted in any state or municipal court in Alabama or so convicted in another state in any court having jurisdiction similar to the jurisdiction of state and municipal courts in Alabama for any of the offenses hereinafter enumerated....’”
Id. at 196. This Court then concluded:
“Nothing in the plain language of the statute suggests that the Legislature intended to impose a registration requirement on a federally convicted sex offender. The phrases ‘in any state or municipal court in Alabama’ and ‘in another state in any court having jurisdiction similar to the jurisdiction of state and municipal courts in Alabama’ are clear on their face and do not include convictions in federal court. Radney was convicted in a federal district court in Alabama; he was not convicted in a ‘state or municipal court in Alabama’ and he was not convicted ‘in another state in any court having jurisdiction similar to the jurisdiction of state and municipal courts in Alabama.’ Therefore, Radney was not required to register as a sex offender under § 13A-11-200; his conviction for violating § 13A-11-200 must be reversed.”

Id.

In Radney, when this Court held that nothing in the statute “suggests that the Legislature intended to impose a registration requirement on a federally convicted sex offender” and further held that § 13A-11-200 did not include “convictions in federal court,” this Court was referencing only Radne/s conviction in a federal district court.
After Radney was decided, the legislature, in 2005, amended § 13A-11-200 by adding the phrase “or federal court” to the list of courts enumerated in the jurisdictional portion of the statute. Act No. 2005-301, Ala. Acts 2005. The addition of the phrase “or federal court,” appears to remedy only the issue addressed by this Court in Radney — that is, whether § 13A-11-200, Ala.Code 1975, required registration of those individuals convicted of a qualifying offense in a federal district court. Thus, it appears the legislature intended to overrule our decision in Rad-ney and to require registration of only those individuals convicted of a qualifying offense in a federal district court.
This conclusion is supported by the recently enacted Alabama Sex Offender Registration and Community Notification Act (“SORNA”), which repealed and replaced § 13A-11-200 and which is codified at § 15-20A-1 et seq., Ala.Code 1975. See generally Blockbuster, Inc. v. White, 819 So.2d 43, 46 (Ala.2001) (“Courts must consider subsequent acts passed by the Legis *204 lature to clarify previously ambiguous provisions.”).
Section 15-20A-10, Ala.Code 1975, requires an individual who has been convicted of a qualifying offense to register with the sheriff of the county where he maintains his legal residence. Failure to do so is a Class C felony. § 15 — 20A—10(j), Ala. Code 1975. The term “conviction,” as it is used in § 15-20A-10, is defined as follows:
“A determination or judgment of guilt following a verdict or finding of guilt as the result of a trial, a plea of guilty, a plea of nolo contendere, or an Alford plea. Conviction includes, but is not limited to, a conviction in a United States territory, a conviction in a federal or military tribunal, including a court martial conducted by the Armed Forces of the United States, a conviction for an offense committed on an Indian reservation or other federal property, a conviction in any state of the United States or a conviction in a foreign country if the foreign country’s judicial system is such that it satisfies minimum due process set forth in the guidelines under Section 111(5)(B) of Public Law 109-248. Cases on appeal are deemed convictions until reversed or overturned.”
§ 15-20A-4(4), Ala.Code 1975 (emphasis added). Thus, the legislature clearly understood when it enacted SORNA that there is a jurisdictional distinction between a federal court and a military court. When the legislature amended § 13A-11-200 in response to Radney, it could have included the phrase “or military court” as it did in § 15-20A-4(4), Ala.Code 1975; the legislature, however, did not. Thus, the legislative history of this statute establishes that a military court is not plainly encompassed within the term “federal court” in § 1BA-11-200.
Moreover, because we must, as discussed above, look at the term “federal court” as a jurisdictional term, we must consider whether a military court is a federal court for jurisdictional purposes and would, therefore, bring a military-court conviction under the purview of § 13A-11-200.
Jurisdictionally, the term “military court” is defined as “[a] court that has jurisdiction over members of the armed forces and that enforces the Code of Military Justice.” Blank's Law Dictionary 409-10 (9th ed.2009). Additionally, “[mjili-tary courts are Article I courts of limited jurisdiction, with powers defined entirely by statute,” United States v. Campbell, 71 M.J. 19, 26 (C.A.A.F.2012) (Stucky, J., concurring in the result) (citing United States v. Wuterich, 67 M.J. 63, 70 (C.A.A.F.2008)), and cannot “exercise jurisdiction beyond that granted by the applicable statutes.” Willenbring v. Neurauter, 48 M.J. 152, 157 (C.A.A.F.1998). Furthermore,
“the Supreme Court has held that Congress may not extend court-martial jurisdiction to cover civilians who have no military status in peacetime, even if they are accompanying United States forces overseas as employees or dependents. Likewise, a court-martial may not exercise jurisdiction over a former service-member whose relationship with the armed forces has been severed completely as a result of a valid discharge and who is not otherwise in a status that is subject to court-martial jurisdiction. See United States ex rel. Toth v. Quarles, 350 U.S. 11, 14-15, 76 S.Ct. 1, 3-4, 100 L.Ed. 8 (1955); Smith v. Vanderbush, 47 M.J. 56, 58-59 (1997).”
Id. at 157-58. Thus, military courts have jurisdiction only over servicemembers who violate the provisions of the Uniform Code of Military Justice.
Federal district courts, on the other hand, are created under Article III of the United States Constitution and are also courts of limited jurisdiction. See U.S. *205 Const, art. Ill, § 1; see also Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). Although federal district courts have jurisdiction over cases involving federal crimes, violations of the Uniform Code of Military Justice are not within the statutorily defined jurisdictional limits of federal district courts and federal courts of appeal. See §§ 28 U.S.C. 1291-1369.
Additionally, as the United States Supreme Court has explained, “a military tribunal is an Article I legislative court with jurisdiction independent of the judicial power created and defined by Article III. Ex parte Quirin, 317 U.S. 1, 39 (1942); Whelchel v. McDonald, 340 U.S. 122, 127 (1950); Kennedy v. Mendoza-Martinez, 372 U.S. 144, 165 (1963).” Gosa v. Mayden, 413 U.S. 665, 93 S.Ct. 2926, 37 L.Ed.2d 873 (1973) (emphasis added).
It is logical to conclude that the legislature did not intend to include a military court when it used the term “federal court” in § 13A-11-200 because service-members subject to the jurisdiction of military courts are not afforded the same rights as civilians subject to the jurisdiction of federal courts. In Philips v. Perry, 106 F.3d 1420 (9th Cir.1997), a casé in which Philips was challenging the constitutionality of his discharge under the “don’t ask/don’t tell” policy, Judge Noonan, in a concurring opinion, explained:
“In peace as in war, in the Pentagon as on the battlefield, the military services are treated as a universe distinct from the civilian world ruled by the ordinary decisions of courts. See Rostker v. Goldberg, 453 U.S. 57, 68, 101 S.Ct. 2646, 2653-54, 69 L.Ed.2d 478 (1981).
“In acknowledgment of the special constitutional status of the military, the courts have drawn back from a literal application of all parts of the Constitution to military activities. Not only are the armed services a world where classes of citizens are distinguished by law, but they constitute a world in which justice is afforded on different terms than it is provided to civilian citizens. Parker[ v. Levy ], 417 U.S. [733] at 750, 94 S.Ct. [2547] at 2559 [(1974)].
“Before a military tribunal, a defendant’s constitutional rights are not the same as before a civilian court. There is no right to a trial by a jury of one’s peers. Kahn v. Anderson, 255 U.S. 1, 8-9, 41 S.Ct. 224, 225-26, 65 L.Ed. 469 (1921). The right of appeal from a criminal conviction is channelled and restricted. 28 U.S.C. § 1259 (certiorari to the Supreme Court from Court of Appeals for the Armed Forces); 10 U.S.C. § 867 (review by Court of Appeals for the Armed Forces); 10 U.S.C. § 866 (review by Court of Criminal Appeals). Habeas corpus does not exist in its full robustness. Burns v. Wilson, 346 U.S. 137, 138-40, 73 S.Ct. 1045, 1046-48, 97 L.Ed. 1508 (1953). The protections of the Fourth Amendment are limited. See Kurtz v. Moffitt, 115 U.S. 487, 504-05, 6 S.Ct. 148, 154-55, 29 L.Ed. 458 (1885); United States v. Stuckey, 10 M.J. 347, 357, 361 (C.M.A.1981); United States v. Middleton, 10 M.J. 123, 126-27 (C.M.A.1981); United States v. Jacoby, 11 C.M.A. 428, 430-31, 29 C.M.R. 244, 246-47 (1960); Mil. RuL Evid. 311-317 (governing searches and seizures in armed forces proceedings). The vagueness test of the Fifth Amendment applies less strictly. Parker, 417 U.S. at 756, 94 S.Ct. at 2561-62. The remedies for racial discrimination are sharply and unpleasantly limited. Chappell v. Wallace, *206 462 U.S. 296, 303-05, 103 S.Ct. 2362, 2367-68, 76 L.Ed.2d 586 (1983).
106 F.3d at 1431-32.
Because military courts and federal district courts have different jurisdictional limits, the term “federal court” in the jurisdictional portion of § 13A-11-200 does not include a military court. To read the statute to include a military-court conviction would be an overly broad construction and would ensnare behavior that is not “clearly proscribed.”
Accordingly, I would reverse the judgment of the circuit court and remand this case to the circuit court for that court to vacate Billingsley’s conviction and sentence for failure to register under § 13A-11-200, Ala.Code 1975.